FILED

1 | VINCENT COX [State Bar No. 070511]
ELIZABETH L. SCHILKEN (State Bar No. 241231)
2 | LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
3 | Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444

2009 JUN 24  PM 2: 38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

4

5 | Attorneys for Plaintiff
BAGDASARIAN PRODUCTIONS, LLC

BY _____

6

CONFORMED COPY

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

PA

10

| | |
|---|---|
| 11  BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company,<br><br>14  Plaintiff,<br><br>15  v.<br><br>17  BIG EYE RECORDS, aka BIG EYE MUSIC, ORCHARD ENTERPRISES NY, INC., a New York corporation, and DOES 1-10, inclusive,<br><br>20  Defendants. | **CASE NO.** **CV09-4545**(RZx)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT;**<br>(2) **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER SECTION 43(a) OF THE LANHAM ACT;**<br>(3) **DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT;**<br>(4) **COMMON LAW TRADEMARK INFRINGEMENT; and**<br>(5) **UNFAIR COMPETITION UNDER CAL. BUSINESS & PROFESSIONS CODE §17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

26 Plaintiff Bagdasarian Productions, LLC, a California limited liability company,

27 (hereinafter "Bagdasarian"), by and through its undersigned counsel, for its complaint,

28 alleges as follows:

1

**COMPLAINT**

alleges as follows:

## I.    THE PARTIES.

1.    Plaintiff Bagdasarian is a California limited liability company with its principal place of business in Santa Barbara County, State of California.

2.    Bagdasarian is informed and believes and thereon alleges that defendant Big Eye Records, Inc., aka Big Eye Music ("Big Eye") is a business organization of form unknown that maintains a corporate office at 13428 Maxella Avenue in Marina del Rey, California.

3.    Bagdasarian is informed and believes and thereon alleges that defendant Orchard Enterprises NY, Inc. ("Orchard") is a New York corporation with its principal place of business in New York City.  Plaintiff is informed and believes, and thereon alleges, that Orchard, operating under the trademark "The Orchard," licenses and globally distributes songs and video titles through digital stores such as iTunes, eMusic and Amazon.com, and through mobile carriers such as Verizon Wireless.

4.    Bagdasarian is informed and believes and thereon alleges that DOES 1-10, inclusive, are, and at all times relevant hereto were, employed and controlled by defendants, and exercise substantial authority in devising and implementing policies of defendants.  The true names and capacities of the defendants sued as DOES 1-10, inclusive, are unknown to Bagdasarian.  The names and capacities, and relationships of defendants named as DOES 1-10 will be alleged by amendment to this complaint when they are known.  Bagdasarian is informed and believes and thereon alleges that said DOE defendants were at all times agents of the named defendants Big Eye and Orchard, and of each other.

## II.    JURISDICTION AND VENUE

5.    This is an action for trademark and service mark infringement, copyright infringement and unfair competition arising under the laws of the United States,

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

1  Lanham Act, 15 U.S.C. §1051, *et seq*., as well as under the common law and statutes

2  of the State of California.

3       6.    This Court has subject matter jurisdiction under 28 U.S.C. §1338(a) and

4  (b), and under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(a).  Venue is

5  proper in this district pursuant to 28 U.S.C. §1391(b) in that Bagdasarian is informed

6  and believes, and alleges thereon, that defendants reside in this judicial district, and a

7  substantial part of the events or omissions giving rise to the claim occurred in this

8  judicial district, and a substantial part of the property that is the subject of the action is

9  situated within this judicial district.

10

11            III.    FACTS COMMON TO ALL COUNTS

12       7.    "Alvin and the Chipmunks" is the mark originated by plaintiff's

13  predecessor Ross Bagdasarian, Sr.   Alvin and the Chipmunks is a famous, award-

14  winning music group, consisting of three singing animated chipmunks:  Alvin, Simon

15  and Theodore.  Since 1961, the members of the music group have also been portrayed

16  as animated characters, first in cartoons and later in CGI form.  The music group,

17  including the members' distinctive singing styles, voices, and personalities, was

18  created by Ross Bagdasarian, Sr., who portrayed the manager of the group, "David

19  Seville", for many years after the group's creation.

20       8.    Until his death in 1972, Ross Bagdasarian, Sr., performed the voices of

21  the Alvin and the Chipmunks music group.  Alvin and the Chipmunks music

22  recordings have been and remain extremely popular, well-known to the public, and

23  have been awarded no fewer than three Grammy awards for songs which include "The

24  Chipmunk Song."

25       9.    Plaintiff and its predecessors and their licensees have manufactured and

26  distributed audio-visual entertainment products, musical recordings, entertainment

27  services, and merchandise such as books, toys, games and clothing featuring Alvin

28  and the Chipmunks, and since at least 1959 they have used the famous "Alvin and the

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

Chipmunks" mark on one or more of such products in interstate commerce, including the State of California. Such products have also been distributed throughout the world, under license from plaintiff and its predecessors.

10. In addition to owning the common law mark "Alvin and the Chipmunks" in connection with a wide variety of entertainment products, services, and associated merchandise, plaintiff owns and utilizes the following federally registered marks:

- Registration No. 3,429,855 for "ALVIN AND THE CHIPMUNKS" in the field of audio-visual records and related goods (Class 9);

- Registration No. 3,421,801 for "ALVIN AND THE CHIPMUNKS" in the field of clothing (Class 25);

- Registration No. 3,425,740 for "ALVIN AND THE CHIPMUNKS" in the field of toys and games (Class 28); and

- Registration No. 2,935,726 for "ALVIN AND THE CHIPMUNKS" in the field of entertainment services, namely a series of TV cartoons (Class 41).

True and correct copies of these above-identified four (4) registrations are attached as Exhibit A. All of the aforesaid federal registrations of "ALVIN AND THE CHIPMUNKS" are registered on the Principal Register and are, thereby, prima facie valid service marks and trademarks of plaintiff.

11. The Alvin and the Chipmunks marks have acquired such goodwill, widespread fame, and secondary meaning that the public has come to associate the Alvin and the Chipmunks marks exclusively with a single source, *i.e.*, plaintiff.

12. Entertainment products created by the licensees of plaintiff or its predecessors include a prime time animated television series broadcast on CBS in 1961 and 1962, entitled *The Alvin Show*, an animated television series produced between 1983 and 1991, entitled *Alvin and the Chipmunks*, a 1999 film entitled *Alvin and the Chipmunks Meet Frankenstein*, a 2000 film entitled *Alvin and the Chipmunks Meet the Wolfman*, and several television specials. In addition, in 2007, licensees of plaintiff released a live-action/CGI comedy film entitled *Alvin and the Chipmunks*

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

1    which plaintiff is informed and believes, and alleges on such information and belief,

2    generated over $215 million in theatrical motion picture box office revenues in North

3    America, over $350 million in theatrical motion picture box office revenues

4    worldwide, and sold more than 8 million DVDs in the U.S. and more than 12 million

5    DVDs worldwide.  The soundtrack for the *Alvin and the Chipmunks* 2007 film was

6    released as a CD on November 20, 2007 (hereinafter sometimes "the Authorized

7    CD"), and has been sold widely throughout the United States, and internationally.

8    Approximately 1,000,000 copies of the Authorized CD have been sold in the United

9    States, and more than 1.7 million tracks from the Authorized CD have been legally

10   downloaded.  A true copy of the soundtrack album Authorized CD packaging is

11   attached hereto, marked Exhibit B, and incorporated herein by this reference.  It has a

12   suggested retail price of $16.98 and Bagdasarian is informed and believes, and alleges

13   thereon, has been sold new through retail channels at prices ranging between $9.95

14   and $16.98.  The Authorized CD referenced by Exhibit B has been sold through

15   ordinary commercial channels for musical recordings, including, but not limited to,

16   such retail outlets as Amazon.com, and others.  Plaintiff is informed and believes, and

17   alleges thereon, that a substantial portion of the consumers of its Authorized CD

18   consist of young children, who are often incapable of closely examining CD

19   packaging to distinguish between genuine products such as those licensed by plaintiff,

20   and shoddy knockoff products such as those manufactured and/or distributed by

21   defendants.

22         13.   Defendant Big Eye has produced and defendant Orchard has distributed

23   an album entitled "Renditions Of Alvin & The Chipmunks by Calvin & The

24   Chipmunk Rock Stars," which is a cheap knockoff that copies the Chipmunks

25   soundtrack album  and confuses the public concerning its source of origin by using a

26   nearly identical set of songs as follows:

27

28

| Calvin & the Chipmunk Rock Stars Track Listing | | Alvin & the Chipmunks Track Listing | |
|---|---|---|---|
| Title | Track # | Title | Track # |
| Bad Day | 2 | Bad Day | 1 |
| The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 5 | The Chipmunk Song (Christmas Don't Be Late-DeeTown OG Mix) | 2 |
| Follow Me Now | 8 | Follow Me Now | 3 |
| How We Roll | 4 | How We Roll | 4 |
| Witch Doctor | 1 | Witch Doctor | 5 |
| | | Come Get It | 6 |
| The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 5 | The Chipmunk Song (Christmas Don't Be Late-DeeTown Rock Mix) | 7 |
| Funkytown | 3 | Funkytown | 8 |
| Get You Goin' | 6 | Get You Goin' | 9 |
| Coast 2 Coast | 9 | Coast 2 Coast | 10 |
| Mess Around | 10 | Mess Around | 11 |
| | | Only You | 12 |
| Ain't No Party | 7 | Ain't No Party | 13 |
| | | Get Munk'd | 14 |
| Witch Doctor | 1 | Witch Doctor-Classic Version | 15 |

**COMPLAINT**

LEOPOLD, PETRICH & SMITH
A Professional Corporation

15475

| The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 5 | The Chipmunk Song (Christmas Don't Be Late-Classic Version) | 16 |
|---|---|---|---|
| Bad Day (Instrumental Guitar Version) | 11 | Bad Day | 17 |
| Follow Me Now (Instrumental Guitar Version) | 12 | Follow Me Now | 19 |

## IV.   DEFENDANTS' UNLAWFUL ACTS AND CONDUCT

14.   Bagdasarian is informed and believes and thereon alleges that defendant Big Eye is in the business of creating and marketing music and entertainment CDs and DVDs, and defendant Orchard is in the business of distributing such products. Big Eye and Orchard sell their products online at retailers such as Amazon.com, and others.

15.   Bagdasarian is informed and believes and thereon alleges that defendants Big Eye and Orchard embarked upon a malicious and dishonest scheme shortly after the commercial success of plaintiff's licensed 2007 film *Alvin and the Chipmunks*. Specifically, Big Eye and Orchard embarked upon a plan to fabricate and distribute a cheap knockoff of the Authorized CD containing 12 recordings which are the compositions found on the Authorized CD that has sold approximately 1,000,000 copies, and been downloaded pursuant to commercial license more than 1.7 million times.

16.   In order to further the scheme to deceive the public into believing that its unlicensed album was authorized, endorsed by, associated or affiliated with plaintiff or its licensees, Big Eye entitled the album "Renditions Of Alvin & The Chipmunks by Calvin & The Chipmunk Rock Stars" (the "Big Eye Album"), and recorded the

7

LEOPOLD, PETRICH & SMITH
A Professional Corporation

15475

songs in a manner strikingly similar to the recordings on the licensed soundtrack. Big Eye and Orchard used advertising containing the Alvin and the Chipmunks trademark, intending to deceive members of the public into believing that they were authorized, endorsed, sponsored by, or otherwise affiliated with the plaintiff or its licensees. Attached hereto, marked Exhibit C, is a copy of the online advertising for the Big Eye Album. Big Eye and Orchard have sold the Big Eye Album in some of the same channels of commerce as plaintiff's Authorized CD, *e.g.*, such retailers as Amazon.com. The Big Eye Album has a list price of $8.99.

17. Bagdasarian has never licensed, or otherwise authorized, the use of the Alvin and the Chipmunks trademarks or service marks to Big Eye or Orchard, or to any defendant.

## V.   FIRST CLAIM

### Federal Registered Trademark and Service Mark Infringement

### (by Plaintiff against all Defendants)

18. Bagdasarian restates each and every allegation contained in paragraph 1 through 17 above, as though fully stated herein.

19. Since 1958, Bagdasarian and its predecessors have expended time, money and resources in developing the distinctive Alvin and the Chipmunks trademarks and service marks. Since at least 1959, Bagdasarian has marketed its Alvin and the Chipmunks trademarks and service mark through numerous Alvin and the Chipmunks entertainment products, services and merchandise in interstate commerce, including, but not limited to, California.

20. Bagdasarian has registered its valuable Alvin and the Chipmunks marks on the dates set forth in Exhibit A. Bagdasarian owns sole and exclusive rights to distribute, reproduce, and to publicly display the Alvin and the Chipmunks marks for products and service.

21. The distribution, reproduction, counterfeiting, and public display of the

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

Alvin and the Chipmunks marks by Big Eye and Orchard in connection with the creation and marketing of the Big Eye Album has misled consumers and the general public, including those in California, to believe that the Big Eye Album is authorized, endorsed by, sponsored by, affiliated with, or otherwise connected to plaintiff. This false association, intentionally created by defendants, is likely to cause confusion, mistake and deception with the general public, including California residents.

22.    The aforesaid acts of Big Eye, Orchard and defendants constitute infringement of Bagdasarian's registered Alvin and the Chipmunks trademarks in violation of Section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. §1114(1).

23.    By reason of Big Eye's, Orchard's and defendants' acts as alleged, Bagdasarian has suffered and will suffer damage to its business, reputation and good will, and the loss of sales and profits that Bagdasarian would have made, but for defendants' unethical and illegal acts.

24.    Unless restrained and enjoined by this Court, Big Eye, Orchard and defendants threaten to and will continue to do the acts complained of, all to Bagdasarian's irreparable damage. It would be difficult to ascertain the amount of compensation that would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Thus, Bagdasarian's remedies at law are not adequate to compensate it for the threatened injuries.

25.    Bagdasarian is entitled to injunctive relief, both preliminary and permanent, restraining Big Eye, Orchard and their agents, servants, employees and all persons acting under, in concert with, or on behalf of, Big Eye or Orchard from using Bagdasarian's Alvin and the Chipmunks trademarks in any channel of commerce and in any geographical territory in the world.

26.    As a direct and proximate result of Big Eye's and Orchard's conduct and actions, and each of them, Bagdasarian has also suffered damages in an amount to be proven in trial, plus interest at the legal rate thereon, but no less than $1 million.

9

LEOPOLD, PETRICH & SMITH
A Professional Corporation

15475

27.   As a direct and proximate result of Big Eye's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is informed and believes, and alleges thereon, that Big Eye and Orchard have been unjustly enriched in the sum of no less than $1 million.

28.   As a direct and proximate result of Big Eye's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is entitled to restitution and a complete disgorgement of any and all amounts of money, revenue, or income Big Eye and Orchard have received as a result of their wrongful conduct as noted above, and the allegations as alleged herein.

29.   Pursuant to 15 U.S.C. §1117(b), the Court shall, unless the Court finds extenuating circumstances, enter judgment for three times' defendants' profits or Bagdasarian's damages, whichever is greater, together with a reasonable attorney's fee.

## VI.   SECOND CLAIM

False Designation of Origin and False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)

(by Plaintiff against all Defendants)

30.   Plaintiff restates each and every allegation contained in paragraphs 1-29 above, as if fully stated herein.

31.   Plaintiff and its predecessors have, during the past 50 years, spent substantial time, money and resources in developing distinctive common law trademarks in and to the term Alvin and the Chipmunks, for use in connection with entertainment products and merchandise.  In addition, plaintiff is the owner of the registered Alvin and the Chipmunks trademarks, as set forth above.

32.   Defendants, on and in connection with goods or services, and in the advertising for the Big Eye Album, have used in commerce words, terms, names, symbols and devices, false advertising and false designations of origin which are

**COMPLAINT**

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

likely to cause confusion, to cause mistake, or to deceive members of the public as to the affiliation, connection, or association of defendants with Bagdasarian, and to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of Big Eye's and Orchard's goods, services, and commercial activities by members of the general public.

33.    The confusion, mistake or deception referred to herein arises out of the aforesaid acts of defendants, and constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

34.    The aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

35.    By reason of defendants' acts as alleged, Bagdasarian has and will suffer damage to its business reputation and good will, and the loss of sales and profits that Bagdasarian would have made but for Big Eye's and Orchard's acts.

36.    Unless restrained and enjoined by this Court, Big Eye and Orchard threaten to and will continue to do the acts complained of, all to Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of compensation that would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's remedy of law is not adequate to compensate it for the threatened injuries.

37.    Bagdasarian is entitled to injunctive relief, both preliminary and permanent, restraining Big Eye and Orchard and their agents, servants, employees and all persons acting under, in concert with, or on behalf of, Big Eye or Orchard from using Bagdasarian's Alvin and the Chipmunks service mark and trademarks in any channel of commerce and in any geographical territory in the world.

38.    As a direct and proximate result of Big Eye's and Orchard's conduct and actions, and each of them, Bagdasarian has also suffered damages in an amount to be proven in trial, plus interest at the legal rate thereon, but no less than $1 million.

39.     As a direct and proximate result of Big Eye's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is informed and believes, and alleges thereon, that Big Eye and Orchard have been unjustly enriched in the sum of no less than $1 million.

40.     As a direct and proximate result of Big Eye's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is entitled to restitution and a complete disgorgement of any and all amounts of money, revenue, or income Big Eye and Orchard have received as a result of their wrongful conduct as noted above, and the allegations alleged herein.

41.     Bagdasarian is informed and believes, and thereon alleges, that Big Eye's and Orchard's use of the Alvin and the Chipmunks common law and registered trademarks and service mark in commerce, including, but limited to, California, without a license or the consent of Bagdasarian, has been undertaken willfully and with the intention of causing confusion, mistake or deception.  Bagdasarian has and will suffer damage to its business reputation and good will in the loss of sales and profits that Bagdasarian would have made, but for Big Eye's and Orchard's acts, in an amount which Bagdasarian is informed and believes, and thereon alleges, exceeds $1 million.

## VII.   THIRD CLAIM

### Dilution Under Section 43(c) of the Lanham Act

### (by Plaintiff against all Defendants)

42.     Plaintiff restates each and every allegation contained in paragraphs 1-41 above as if fully stated herein.

43.     For the past 50 years, plaintiff and its predecessors have developed the Alvin and the Chipmunks service mark and trademarks.  They have created and distributed Alvin and The Chipmunks musical recordings, television programs, motion pictures, entertainment services, and associated merchandise.

LEOPOLD, PETRICH & SMITH
A Professional Corporation

15475

44.     As a result of the activities of plaintiff and its predecessors, the mark Alvin and the Chipmunks has become famous in that it is widely recognized by the general consuming public of the United States as a designation of source of the goods and services of plaintiff.

45.     The mark Alvin and the Chipmunks is distinctive, both inherently and through acquired distinctiveness.

46.     By its actions, Big Eye and Orchard have used plaintiff's famous Alvin and the Chipmunks mark in commerce in a way that is likely to cause dilution by blurring and/or dilution by tarnishment of the famous mark.

47.     Big Eye's and Orchard's dilution of plaintiff's Alvin and the Chipmunks trademarks was undertaken willfully and with the intention of causing dilution, confusion, mistake, and deception.

48.     By reason of Big Eye's and Orchard's acts as alleged, Bagdasarian has and will suffer business to its business reputation and good will in the loss of sales and profits that Bagdasarian would have made but for Big Eye's and Orchard's actions.

49.     Unless restrained and enjoined by this Court, Big Eye and Orchard threaten to and will continue to do the acts complained of, all to Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of compensation that would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's remedy at law is not adequate to compensate it for the threatened injuries.

50.     Bagdasarian is entitled to injunctive relief restraining Big Eye and Orchard, and their agents, servants, employees, and all persons acting under, in concert with, or for Big Eye or Orchard, from using Bagdasarian's Alvin and the Chipmunks trademark in any channel of commerce and in any geographical territory in the world.

51.     As a direct and proximate result of Big Eye's and Orchard's conduct and actions, and each of them, Bagdasarian has also suffered damages in an amount to be

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
15475          **COMPLAINT**

1   proven at trial, plus interest at the legal rate thereon, but no less than $1 million.

2        52.   As a direct and proximate result of Big Eye's and Orchard's wrongful

3   conduct and actions, and each of them, Bagdasarian is informed and believes, and

4   alleges thereon, that Big Eye and Orchard have been unjustly enriched in the sum of

5   no less than $1 million.

6        53.   As a direct and proximate result of the wrongful conduct of Big Eye and

7   Orchard, Bagdasarian is entitled to restitution and a complete disgorgement of any and

8   all amounts of money, revenue or income Big Eye and Orchard received as a result of

9   their wrongful conduct as noted above, and the allegations as alleged herein.

10

11                  VIII.  FOURTH CLAIM

12              Common Law Trademark Infringement

13              (by Plaintiff against all Defendants)

14        54.   Plaintiff restates each and every allegation contained in paragraphs 1-53

15   above as if fully stated herein.

16        55.   As alleged above, Big Eye's and Orchard's imitation and infringement of

17   the trademark rights of Bagdasarian and the Alvin and the Chipmunks trademark is

18   calculated to, and does in fact, deceive and mislead consumers of Bagdasarian's and

19   of Big Eye's and Orchard's products to utilizing or purchasing products advertised or

20   sold by Big Eye and Orchard in the belief that they originate with Bagdasarian to the

21   significant diminution of Bagdasarian's business and profits.

22        56.   Unless restrained and enjoined by this Court, Big Eye and Orchard

23   threaten to and will continue to do the acts complained of, all to Bagdasarian's

24   irreparable damage.  It would be difficult to ascertain the amount of compensation that

25   would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity

26   of judicial proceedings would be required.  Thus, Bagdasarian's remedies at law are

27   not adequate to compensate it for the threatened injuries.

28        57.   Bagdasarian is entitled to injunctive relief, both preliminary and

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

**COMPLAINT**

permanent, restraining Big Eye and Orchard and their agents, servants, employees and all persons acting under, in concert with, or on behalf of, Big Eye or Orchard from using Bagdasarian's Alvin and the Chipmunks service mark and trademarks in any channel of commerce and in any geographical territory in the world.

58.   As a direct and proximate result of Big Eye's and Orchard's conduct and actions, and each of them, Bagdasarian has also suffered damages in an amount to be proven in trial, plus interest at the legal rate thereon, but no less than $1 million.

59.   As a direct and proximate result of Big Eye's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is informed and believes, and alleges thereon, that Big Eye and Orchard have been unjustly enriched in the sum of no less than $1 million.

60.   As a direct and proximate result of Big Eye's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is entitled to restitution and a complete disgorgement of any and all amounts of money, revenue, or income Big Eye and Orchard have received as a result of their wrongful conduct as alleged herein.

## IX.   FIFTH CLAIM

### Unfair Competition Under California Business & Professions Code §17200, *et seq.*, and 17500, *et seq.*

### (by Plaintiff against all Defendants)

61.   Plaintiff restates each and every allegation contained in paragraphs 1-60 above as if fully stated herein.

62.   The foregoing conduct by Big Eye and Orchard constitutes a violation of California Business & Professions Code §17200, *et seq.*, and 17500, *et seq.*, in that it constitutes false advertising, and illegal, fraudulent and unfair business practices which are, *inter alia*, likely to deceive a reasonable consumer.

63.   Big Eye's and Orchard's aforesaid acts constitute representations and/or statements that are deceptive, untrue, and misleading, and which were undertaken

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475                                                      **COMPLAINT**

1   willfully and with the intention of causing confusion, mistake or deception.

2       64.     Unless restrained and enjoined by this Court, Big Eye and Orchard

3   threaten to and will continue to do the acts complained of, all to Bagdasarian's

4   irreparable damage.  It would be difficult to ascertain the amount of compensation that

5   would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity

6   of judicial proceedings would be required.  Thus, Bagdasarian's remedy at law is not

7   adequate to compensate it for injuries threatened.

8       65.     Bagdasarian is entitled to injunctive relief restraining Big Eye and

9   Orchard, and their agents, servants, employees and all persons acting under, in concert

10  with, or for Big Eye or Orchard, from using Bagdasarian's Alvin and the Chipmunks

11  service mark and trademarks in any channel of commerce and in any geographical

12  territory in the world.

13

14                          PRAYER FOR RELIEF

15      WHEREFORE, plaintiff Bagdasarian, a California limited liability company,

16  respectfully demands judgment in its favor, and as and against all defendants, and

17  each of them, as follows:

18      1.      On counts 1 through 4, for general damages and compensation believed

19  to be in excess of $1 million in accordance with the proof at the time of trial;

20      2.      On counts 1 through 4, for special damages according to proof, but no

21  less than $1 million;

22      3.      On counts 1 through 4, for an order of equitable disgorgement of all

23  unjust enrichment received by defendants as a result of the wrongful acts and practices

24  described hereinabove in an amount accordance with proof at the time of trial, but

25  believed to be in excess of $1 million;

26      4.      On count 1, for defendants to be required to pay statutory damages in an

27  amount to be determined for their use of a counterfeit of plaintiff's registered

28  trademark under 15 U.S.C. §1117(c);

16

**COMPLAINT**

5.     On counts 1 and 3, for treble damages in accordance with the Lanham Act §1117(b);

6.     On count 4, for punitive and exemplary damages under California law in an amount sufficient to deter and make an example of defendants in accordance with the proof at the time of trial;

7.     On all counts, for prejudgment interest;

8.     On counts 1-5, for preliminary and permanent injunctive relief enjoining and requiring defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them to:

(a)     cease and desist from all use of plaintiff's service mark and trademarks;

(b)     delete from their computer files, menus, hard drives, servers, diskettes, backups and websites any copies, simulations, variations or colorable imitations thereof, and any use of the Alvin and the Chipmunks trademark;

(c)     to be required to deliver up to plaintiff to be held for destruction at the conclusion of this action any and all computer software, compact discs, inventory, packaging, labels, sales material, press releases, promotional material, advertising material, stationery, plates, products, goods, and other materials bearing the Alvin and the Chipmunks trademark or artwork;

9.     On counts 1-5, for attorneys' fees and costs of suit incurred in this action as provided by 15 U.S.C. §1117(a), or as otherwise provided by law; and

10.     For such other and further relief as the Court deems proper.

17

**COMPLAINT**

1   DATED:  June 24, 2009

2

3   LEOPOLD, PETRICH & SMITH
    A Professional Corporation

4

5   By: _____
        VINCENT COX
6       ELIZABETH L. SCHILKEN
        Attorneys for Plaintiff
7       BAGDASARIAN PRODUCTIONS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

# DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all claims asserted.

DATED:  June 24, 2009

LEOPOLD, PETRICH & SMITH
A Professional Corporation

By: _____
VINCENT COX
ELIZABETH L. SCHILKEN
Attorneys for Plaintiff
BAGDASARIAN PRODUCTIONS, LLC

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15475

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 2,935,726
Registered Mar. 29, 2005

### SERVICE MARK
### PRINCIPAL REGISTER

## ALVIN AND THE CHIPMUNKS

BAGDASARIAN PRODUCTIONS, LLC (CALI-
FORNIA LTD LIAB CO)
1192 EAST MOUNTAIN DR.
MONTECITO, CA 93108

FOR: ENTERTAINMENT SERVICES– NAMELY-
A SERIES OF TV CARTOONS, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).

FIRST USE 9-17-1983; IN COMMERCE 9-17-1983.

SER. NO. 76-505,140, FILED 4-9-2003.

THEODORE MCBRIDE, EXAMINING ATTORNEY

EXHIBIT __A__

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,429,855
Registered May 20, 2008

## TRADEMARK
### PRINCIPAL REGISTER

## ALVIN AND THE CHIPMUNKS

BAGDASARIAN PRODUCTIONS, LLC (CALIFORNIA LTD LIAB CO)
1192 E. MOUNTAIN DRIVE
MONTECITO, CA 93108

FOR: MOTION PICTURE FILMS FEATURING ALL OF OR A COMBINATION OF THE FOLLOWING, COMEDY, DRAMA, ACTION, ADVENTURE OR ANIMATION; MOTION PICTURE FILMS FOR BROADCAST ON TELEVISION FEATURING ALL OF OR A COMBINATION OF THE FOLLOWING, COMEDY, DRAMA, ACTION, ADVENTURE OR ANIMATION; PRERECORDED AUDIO TAPES, AUDIO-VIDEO TAPES, AUDIO VIDEO CASSETTES, AUDIO VIDEO DISCS, AND DIGITAL VERSATILE DISCS FILMS FEATURING ALL OF OR A COMBINATION OF THE FOLLOWING MUSIC, COMEDY, DRAMA, ACTION, ADVENTURE, AND ANIMATION; COMPUTER PROGRAMS, NAMELY, SOFTWARE FOR BROADCASTING DIGITIZED VIDEO AND AUDIO MEDIA OVER A GLOBAL COMPUTER INFORMATION NETWORK; COMPUTER GAME EQUIPMENT CONTAINING MEMORY DEVICES, NAMELY, DISCS SOLD AS A UNIT WITH COMPUTER GAME PROGRAMS FOR PLAYING A PARLOR-TYPE COMPUTER GAME; INTERACTIVE VIDEO GAME PROGRAMS AND COMPUTER GAME PROGRAMS; VIDEO GAME CARTRIDGES AND CASSETTES, VIDEO GAME JOYSTICKS, VIDEO GAME DISCS, VIDEO GAME INTERACTIVE REMOTE CONTROL UNITS; VIDEO AND COMPUTER GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-1992; IN COMMERCE 12-1-1992.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,864,434 AND 2,935,726.

SER. NO. 77-213,550, FILED 6-22-2007.

JASON TURNER, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,421,801
Registered May 6, 2008

## TRADEMARK
### PRINCIPAL REGISTER

## ALVIN AND THE CHIPMUNKS

BAGDASARIAN PRODUCTIONS, LLC (CALI-
FORNIA LTD LIAB CO)
1192 E. MOUNTAIN DRIVE
MONTECITO, CA 93108

FOR: CLOTHING FOR MEN, WOMEN AND
CHILDREN, NAMELY, SHIRTS, T-SHIRTS, SWEAT-
SHIRTS, JOGGING SUITS, TROUSERS, PANTS,
SHORTS, TANK TOPS, RAINWEAR, CLOTH BABY
BIBS, SKIRTS, BLOUSES, DRESSES, SUSPENDERS,
SWEATERS, JACKETS, COATS, RAINCOATS,
SNOW SUITS, TIES, ROBES, HATS, CAPS, SUNVI-
SORS, BELTS, SCARVES, SLEEPWEAR, PAJAMAS,
LINGERIE, UNDERWEAR, BOOTS, SHOES, SNEA-
KERS, SANDALS, BOOTIES, SLIPPER SOCKS,
SWIMWEAR AND MASQUERADE AND HALLOW-
EEN COSTUMES AND MASKS SOLD IN CONNEC-

TION THEREWITH, IN CLASS 25 (U.S. CLS. 22 AND
39).

FIRST USE 12-31-1983; IN COMMERCE 12-31-1983.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,864,434 AND
2,935,726.

SER. NO. 77-213,587, FILED 6-22-2007.

B. PARADEWELAI, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

## United States Patent and Trademark Office

Reg. No. 3,425,740

Registered May 13, 2008

## TRADEMARK
### PRINCIPAL REGISTER

## ALVIN AND THE CHIPMUNKS

BAGDASARIAN PRODUCTIONS, LLC (CALI-
FORNIA LTD LIAB CO)
1192 E. MOUNTAIN DRIVE
MONTECITO', CA 93108

FOR: ACTION FIGURES AND ACCESSORIES
THEREFOR; PLUSH TOYS; BALLOONS; BATHTUB
TOYS; RIDE-ON TOYS; EQUIPMENT SOLD AS A
UNIT FOR PLAYING CARD GAMES; TOY VEHI-
CLES; DOLLS; FLYING DISCS; HAND-HELD UNIT
FOR PLAYING ELECTRONIC GAMES; GAME
EQUIPMENT SOLD AS A UNIT FOR PLAYING A
BOARD GAME, A CARD GAME, A MANIPULA-
TIVE GAME, A PARLOR GAME AND AN ACTION
TYPE TARGET GAME; STAND ALONE VIDEO
OUTPUT GAME MACHINES; JIGSAW AND MA-
NIPULATIVE PUZZLES; PAPER FACE MASKS;
SKATEBOARDS; WATER SQUIRTING TOYS;
BALLS, NAMELY, PLAYGROUND BALLS, SOCCER
BALLS, BASEBALLS, BASKETBALLS; BASEBALL
GLOVES; SWIMMING FLOATS FOR RECREATION-
AL USE; KICKBOARD FLOTATION DEVICES FOR
RECREATIONAL USE; SURFBOARDS; SWIM
BOARDS FOR RECREATIONAL USE; SWIM FINS;
TOY BAKEWARE AND TOY COOKWARE; TOY
BANKS; TOY SNOW GLOBES; AND CHRISTMAS
TREE ORNAMENTS, IN CLASS 28 (U.S. CLS. 22, 23,
38 AND 50).

FIRST USE 12-31-1963; IN COMMERCE 12-31-1963.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,864,434 AND
2,935,726.

SER. NO. 77-213,609, FILED 6-22-2007.

JASON TURNER, EXAMINING ATTORNEY



**ALVIN**
**AND**
**THE CHIPMUNKS**™

ORIGINAL
MOTION PICTURE
SOUNDTRACK

1 BAD DAY
2 THE CHIPMUNK SONG (CHRISTMAS DON'T BE LATE) (DeeTown OG Mix)
3 FOLLOW ME NOW 4 HOW WE ROLL
5 WITCH DOCTOR 6 COME GET IT
7 THE CHIPMUNK SONG (CHRISTMAS DON'T BE LATE) (DeeTown Rock Mix)
8 FUNKYTOWN 9 GET YOU GOIN' 10 COAST 2 COAST
11 MESS AROUND 12 ONLY YOU (AND YOU ALONE)
13 AIN'T NO PARTY 14 GET MUNK'D
15 WITCH DOCTOR* 16 THE CHIPMUNK SONG (CHRISTMAS DON'T BE LATE)*

* Bonus Tracks • Classic Versions



FOX 2000 PICTURES and REGENCY ENTERPRISES PRESENT A BAGDASARIAN PRODUCTION "ALVIN AND THE CHIPMUNKS"
JASON LEE DAVID CROSS CAMERON RICHARDSON and JUSTIN LONG MATTHEW GRAY GUBLER JESSE McCARTNEY MUSIC BY JULIANNE JORDAN
EDITOR CHRISTOPHER LEBENZON MUSIC BY ALI DEE THEODORE VISUAL EFFECTS BY RHYTHM & HUES STUDIOS PRODUCTION PETER BERGER A.C.E. PRODUCTION RICHARD HOLLAND
DIRECTED BY PETER LYONS COLLISTER, ASC EXECUTIVE PRODUCERS KAREN ROSENFELT ARNON MILCHAN MICHELE IMPERATO STABILE STEVE WATERMAN
PRODUCED BY JANICE KARMAN ROSS BAGDASARIAN SCREENPLAY BY ROSS BAGDASARIAN SCREENPLAY BY JON VITTI AND WILL McROBB & CHRIS VISCARDI
alvinandthechipmunksmovie.com     razorandtie.com



Compilation ℗ 2007 Razor & Tie Direct, LLC, PO Box 599, Village Station, New York, NY 10014. "Razor & Tie" and the Razor & Tie logo are registered trademarks of Razor & Tie Direct, LLC. All rights reserved. © 2007 Razor & Tie Direct, LLC and Twentieth Century Fox Film Corporation. All rights reserved. Motion Picture Artwork, Photos and Fox Trademarks and Logos TM and © 2007 Twentieth Century Fox Film Corporation. New Regency Trademarks and Logos TM and © 2007 Monarchy Enterprises, S.a.r.l. and Regency Entertainment (USA), Inc. Alvin and the Chipmunks and Characters TM & © 2007 Bagdasarian Productions, LLC. All Rights Reserved. Printed in USA.

7 93018 29862 9

**EXHIBIT B**



EXHIBIT C

 Link   

Discussion Boards      Settings

Hello,                  We have <u>recommendations</u> for you. (Not          FREE 2-Day Shippir
Robin's Amazon.com          Today's Deals      Gifts & Wish Lists        Gift Cards

**Shop All Departments**      Search   MP3 Downloads                                  Cart

**MP3 Downloads**              | Getting Started  Top Downloads  New & Future Releases  Install The MP3 Downloader  Amazor

**Instant Order Update for**          · You purchased this item on June 10, 2009. <u>View this</u>
<u>order</u>.                                                                    order.



See larger image

Share your own customer images

**Renditions Of
Alvin & The
Chipmunks**
by **Calvin & The
Chipmunk Rock Stars**

Price: **$8.99**

**Album Savings:** $2.89
compared to buying all
songs

No customer reviews
yet. <u>Be the first.</u>

**Original release date:**
January 1, 2008

**Format:** <u>MP3, 256 kbps</u>
— plays on iPod® and all MP3 players



 <u>Redeem a gift card or promotion</u>
<u>code & view balance</u>

Requires <u>Amazon MP3 Downloader</u>

**Amazon MP3 Downloader**
**Adds songs instantly to
iTunes or Windows Media
Player.** <u>Get it free.</u>

<u>Share with Friends</u>

| | Song Title | Time | Price | |
|---|---|---|---|---|
| ▶ | 1. Witch Doctor | 3:02 | $0.99 | Buy MP3 |
| ▶ | 2. Bad Day | 3:36 | $0.99 | Buy MP3 |
| ▶ | 3. Funkytown | 3:39 | $0.99 | Buy MP3 |
| ▶ | 4. How We Roll | 3:56 | $0.99 | Buy MP3 |
| ▶ | 5. The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 2:16 | $0.99 | Buy MP3 |
| ▶ | 6. Get You Goin' | 3:20 | $0.99 | Buy MP3 |
| ▶ | 7. Ain't No Party | 2:46 | $0.99 | Buy MP3 |
| ▶ | 8. Follow Me Now | 3:12 | $0.99 | Buy MP3 |
| ▶ | 9. Coast 2 Coast | 2:46 | $0.99 | Buy MP3 |
| ▶ | 10. Mess Around | 3:22 | $0.99 | Buy MP3 |
| ▶ | 11. Bad Day (Instrumental Guitar Version) | 3:36 | $0.99 | Buy MP3 |
| ▶ | 12. Follow Me Now (Instrumental Guitar Version) | 3:10 | $0.99 | Buy MP3 |

Preview All

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 4545 PA (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company<br><br>PLAINTIFF(S)<br><br>v.<br><br>BIG EYE RECORDS, aka BIG EYE MUSIC, ORCHARD ENTERPRISES NY, INC., a New York corporation, and DOES 1-10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-4545 PA (RZx)<br><br><br>SUMMONS |

TO:    DEFENDANT(S): _____

    A lawsuit has been filed against you.

    Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Vincent Cox_, whose address is _Leopold, Petrich & Smith, 2049 Century Park East, Ste. 3110, Los Angeles, CA  90067_ .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.


                              Clerk, U.S. District Court

Dated:   JUN 2 4 2009 _____     By:   **NATALIE LONGORIA**_____

                                       Deputy Clerk

                         (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1198

CONFORMED COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Bagdasarian Productions, LLC | Big Eye Records, aka Big Eye Music<br>Orchard Enterprises NY, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Vincent Cox, Leopold Petrich & Smith<br>2049 Century Park East, Suite 3110<br>Los Angeles, CA 90067 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 2,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114, § 1125, Federal Trademark Infringement, False Designation of Origin, Dilution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | **IMMIGRATION** | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 465 Other Immigration Actions | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV09-4545

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York, New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *Vincent Cox*                Date  June 24, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |