1  VINCENT COX (State Bar No. 070511)
2  ELIZABETH L. SCHILKEN (State Bar No. 241231)
   LEOPOLD, PETRICH & SMITH, P.C.
3  2049 Century Park East, Suite 3110
   Los Angeles, California 90067-3274
4  Tel: (310) 277-3333 • Fax: (310) 277-7444
   EMAIL: VCOX@LPSLA.COM

5  Attorneys for Plaintiff
6  BAGDASARIAN PRODUCTIONS, LLC

7

8              UNITED STATES DISTRICT COURT

9           CENTRAL  DISTRICT OF CALIFORNIA

10

11 BAGDASARIAN PRODUCTIONS,        CASE NO.:  CV 09-4545 PA (RZx)
   LLC, a California limited liability
12 company,
                                   FIRST AMENDED COMPLAINT
13                                 FOR DAMAGES AND INJUNCTIVE
                                   RELIEF FOR:
14            Plaintiff,
                                   (1)  FEDERAL TRADEMARK
15 v.                                   INFRINGEMENT;
                                   (2)  FALSE DESIGNATION OF
16                                      ORIGIN AND FALSE
                                        ADVERTISING UNDER
17 BIG EYE RECORDS, aka BIG EYE          SECTION 43(a) OF THE
   MUSIC, ORCHARD ENTERPRISES           LANHAM ACT;
18 NY, INC., a New York corporation, (3) DILUTION UNDER SECTION
   CLEOPATRA RECORDS, INC., a            43(c) OF THE LANHAM ACT;
19 California corporation previously named (4) COMMON LAW TRADEMARK
   as DOE 1, and DOES 2-10, inclusive,   INFRINGEMENT; and
20                                 (5)  UNFAIR COMPETITION
                                        UNDER CAL. BUSINESS &
21            Defendants.               PROFESSIONS CODE §17200, *et*
                                        *seq.*
22
                                   DEMAND FOR JURY TRIAL
23

24

25

26

27     Plaintiff Bagdasarian Productions, LLC, a California limited liability company,

28 (hereinafter "Bagdasarian"), by and through its undersigned counsel, for its First

                                    1
                        FIRST AMENDED COMPLAINT

LEOPOLD, PETRICH
   & SMITH
A Professional Corporation

15723

Amended Complaint, alleges as follows:

## I.     THE PARTIES.

1.     Plaintiff Bagdasarian is a California limited liability company with its principal place of business in Santa Barbara County, State of California.

2.     Bagdasarian is informed and believes and thereon alleges that defendant Big Eye Records, Inc., aka Big Eye Music ("Big Eye") is a business organization of form unknown that maintains a corporate office at 13428 Maxella Avenue in Marina del Rey, California.

3.     Bagdasarian is informed and believes and thereon alleges that defendant Orchard Enterprises NY, Inc. ("Orchard") is a New York corporation with its principal place of business in New York City.  Plaintiff is informed and believes, and thereon alleges, that Orchard, operating under the trademark "The Orchard," licenses and globally distributes songs and video titles through digital stores such as iTunes, eMusic and Amazon.com, and through mobile carriers such as Verizon Wireless.

4.     Bagdasarian is informed and believes and thereon alleges that defendant Cleopatra Records ("Cleopatra"), previously named as DOE 1, is a California corporation that maintains a corporate office at 11661 San Vicente Boulevard, Suite 609, Los Angeles, California.  Bagdasarian is informed and believes and thereon alleges that Cleopatra is the same business organization as defendant Big Eye.

5.     Bagdasarian is informed and believes and thereon alleges that DOES 2-10, inclusive, are, and at all times relevant hereto were, employed and controlled by defendants, and exercise substantial authority in devising and implementing policies of defendants.  The true names and capacities of the defendants sued as DOES 2-10, inclusive, are unknown to Bagdasarian.  The names and capacities, and relationships of defendants named as DOES 2-10 will be alleged by amendment to this complaint when they are known.  Bagdasarian is informed and believes and thereon alleges that said DOE defendants were at all times agents of the named defendants Big Eye,

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

**FIRST AMENDED COMPLAINT**

1 | Orchard and Cleopatra, and of each other.

## II.    JURISDICTION AND VENUE

6.    This is an action for trademark and service mark infringement and unfair competition arising under the laws of the United States, Lanham Act, 15 U.S.C. §1051, *et seq.*, as well as under the common law and statutes of the State of California.

7.    This Court has subject matter jurisdiction under 28 U.S.C. §1338(a) and (b), and under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(a).  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Bagdasarian is informed and believes, and alleges thereon, that defendants reside in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and a substantial part of the property that is the subject of the action is situated within this judicial district.

## III.    FACTS COMMON TO ALL COUNTS

8.    "Alvin and the Chipmunks" is the mark originated by plaintiff's predecessor Ross Bagdasarian, Sr.   Alvin and the Chipmunks is a famous, award-winning music group, consisting of three singing animated chipmunks:  Alvin, Simon and Theodore.  Since 1961, the members of the music group have also been portrayed as animated characters, first in cartoons and later in CGI form.  The music group, including the members' distinctive singing styles, voices, and personalities, was created by Ross Bagdasarian, Sr., who portrayed the manager of the group, "David Seville", for many years after the group's creation.

9.    Until his death in 1972, Ross Bagdasarian, Sr., performed the voices of the Alvin and the Chipmunks music group.  Alvin and the Chipmunks music recordings have been and remain extremely popular, well-known to the public, and have been awarded no fewer than three Grammy awards for songs which include "The

3

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

1  Chipmunk Song."

2    10.    Plaintiff and its predecessors and their licensees have manufactured and

3  distributed audio-visual entertainment products, musical recordings, entertainment

4  services, and merchandise such as books, toys, games and clothing featuring Alvin

5  and the Chipmunks, and since at least 1959 they have used the famous "Alvin and the

6  Chipmunks" mark on one or more of such products in interstate commerce, including

7  the State of California.  Such products have also been distributed throughout the

8  world, under license from plaintiff and its predecessors.

9    11.    In addition to owning the common law mark "Alvin and the Chipmunks"

10  in connection with a wide variety of entertainment products, services, and associated

11  merchandise, plaintiff owns and utilizes the following federally registered marks:

12    •   Registration No. 3,429,855 for "ALVIN AND THE CHIPMUNKS" in the

13        field of audio-visual records and related goods (Class 9);

14    •   Registration No. 3,421,801 for "ALVIN AND THE CHIPMUNKS" in the

15        field of clothing (Class 25);

16    •   Registration No. 3,425,740 for "ALVIN AND THE CHIPMUNKS" in the

17        field of toys and games (Class 28); and

18    •   Registration No. 2,935,726 for "ALVIN AND THE CHIPMUNKS" in the

19        field of entertainment services, namely a series of TV cartoons (Class 41).

20  True and correct copies of these above-identified four (4) registrations are attached as

21  Exhibit A.  All of the aforesaid federal registrations of "ALVIN AND THE

22  CHIPMUNKS" are registered on the Principal Register and are, thereby, prima facie

23  valid service marks and trademarks of plaintiff.

24    12.    The Alvin and the Chipmunks marks have acquired such goodwill,

25  widespread fame, and secondary meaning that the public has come to associate the

26  Alvin and the Chipmunks marks exclusively with a single source, *i.e.*, plaintiff.

27    13.    Entertainment products created by the licensees of plaintiff or its

28  predecessors include a prime time animated television series broadcast on CBS in

4

1    1961 and 1962, entitled *The Alvin Show*, an animated television series produced

2    between 1983 and 1991, entitled *Alvin and the Chipmunks*, a 1999 film entitled *Alvin*

3    *and the Chipmunks Meet Frankenstein*, a 2000 film entitled *Alvin and the Chipmunks*

4    *Meet the Wolfman*, and several television specials.  In addition, in 2007, licensees of

5    plaintiff released a live-action/CGI comedy film entitled *Alvin and the Chipmunks*

6    which plaintiff is informed and believes, and alleges on such information and belief,

7    generated over $215 million in theatrical motion picture box office revenues in North

8    America, over $350 million in theatrical motion picture box office revenues

9    worldwide, and sold more than 8 million DVDs in the U.S. and more than 12 million

10    DVDs worldwide.  The soundtrack for the *Alvin and the Chipmunks* 2007 film was

11    released as a CD on November 20, 2007 (hereinafter sometimes "the Authorized

12    CD"), and has been sold widely throughout the United States, and internationally.

13    Approximately 1,000,000 copies of the Authorized CD have been sold in the United

14    States, and more than 1.7 million tracks from the Authorized CD have been legally

15    downloaded.  A true copy of the soundtrack album Authorized CD packaging is

16    attached hereto, marked Exhibit B, and incorporated herein by this reference.  It has a

17    suggested retail price of $16.98 and Bagdasarian is informed and believes, and alleges

18    thereon, has been sold new through retail channels at prices ranging between $9.95

19    and $16.98.  The Authorized CD referenced by Exhibit B has been sold through

20    ordinary commercial channels for musical recordings, including, but not limited to,

21    such retail outlets as Amazon.com, and others.  Plaintiff is informed and believes, and

22    alleges thereon, that a substantial portion of the consumers of its Authorized CD

23    consist of young children, who are often incapable of closely examining CD

24    packaging to distinguish between genuine products such as those licensed by plaintiff,

25    and shoddy knockoff products such as those manufactured and/or distributed by

26    defendants.

27         14.      Defendants Big Eye and Cleopatra have produced and defendant Orchard

28    has distributed an album entitled "Renditions Of Alvin & The Chipmunks by Calvin

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

& The Chipmunk Rock Stars," which is a cheap knockoff that copies the Chipmunks soundtrack album  and confuses the public concerning its source of origin by using a nearly identical set of songs as follows:

| Calvin & the Chipmunk Rock Stars Track Listing | | Alvin & the Chipmunks Track Listing | |
|---|---|---|---|
| Title | Track # | Title | Track # |
| Bad Day | 2 | Bad Day | 1 |
| The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 5 | The Chipmunk Song (Christmas Don't Be Late-DeeTown OG Mix) | 2 |
| Follow Me Now | 8 | Follow Me Now | 3 |
| How We Roll | 4 | How We Roll | 4 |
| Witch Doctor | 1 | Witch Doctor | 5 |
| | | Come Get It | 6 |
| The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 5 | The Chipmunk Song (Christmas Don't Be Late-DeeTown Rock Mix) | 7 |
| Funkytown | 3 | Funkytown | 8 |
| Get You Goin' | 6 | Get You Goin' | 9 |
| Coast 2 Coast | 9 | Coast 2 Coast | 10 |
| Mess Around | 10 | Mess Around | 11 |

LEOPOLD, PETRICH & SMITH
A Professional Corporation

15723

**FIRST AMENDED COMPLAINT**

| | | Only You | 12 |
|---|---|---|---|
| Ain't No Party | 7 | Ain't No Party | 13 |
| | | Get Munk'd | 14 |
| Witch Doctor | 1 | Witch Doctor-Classic Version | 15 |
| The Chipmunk Song (Christmas Don't Be Late) (Dee Town Rock Mix) | 5 | The Chipmunk Song (Christmas Don't Be Late-Classic Version) | 16 |
| Bad Day (Instrumental Guitar Version) | 11 | Bad Day | 17 |
| Follow Me Now (Instrumental Guitar Version) | 12 | Follow Me Now | 19 |

## IV.   DEFENDANTS' UNLAWFUL ACTS AND CONDUCT

15.    Bagdasarian is informed and believes and thereon alleges that defendants Big Eye and Cleopatra are in the business of creating and marketing music and entertainment CDs and DVDs, and defendant Orchard is in the business of distributing such products.  Big Eye, Cleopatra and Orchard sell their products online at retailers such as Amazon.com, and others.

16.    Bagdasarian is informed and believes and thereon alleges that defendants Big Eye, Cleopatra and Orchard embarked upon a malicious and dishonest scheme shortly after the commercial success of plaintiff's licensed 2007 film *Alvin and the Chipmunks*.  Specifically, Big Eye, Cleopatra and Orchard embarked upon a plan to fabricate and distribute a cheap knockoff of the Authorized CD containing 12 recordings which are the compositions found on the Authorized CD that has sold

7

LEOPOLD, PETRICH & SMITH
A Professional Corporation

15723

1   approximately 1,000,000 copies, and been downloaded pursuant to commercial

2   license more than 1.7 million times.

3        17.   In order to further the scheme to deceive the public into believing that its

4   unlicensed album was authorized, endorsed by, associated or affiliated with plaintiff

5   or its licensees, Big Eye and Cleopatra entitled the album "Renditions Of Alvin & The

6   Chipmunks by Calvin & The Chipmunk Rock Stars" (the "Big Eye Album"), and

7   recorded the songs in a manner strikingly similar to the recordings on the licensed

8   soundtrack.  Big Eye, Cleopatra and Orchard used advertising containing the Alvin

9   and the Chipmunks trademark, intending to deceive members of the public into

10  believing that they were authorized, endorsed, sponsored by, or otherwise affiliated

11  with the plaintiff or its licensees.  Attached hereto, marked Exhibit C, is a copy of the

12  online advertising for the Big Eye Album.  Big Eye, Cleopatra and Orchard have sold

13  the Big Eye Album in some of the same channels of commerce as plaintiff's

14  Authorized CD, *e.g.*, such retailers as Amazon.com.  The Big Eye Album has a list

15  price of $8.99.

16       18.   Bagdasarian has never licensed, or otherwise authorized, the use of the

17  Alvin and the Chipmunks trademarks or service marks to Big Eye, Cleopatra or

18  Orchard, or to any defendant.

19

20            V.   FIRST CLAIM

21       Federal Registered Trademark and Service Mark Infringement

22                (by Plaintiff against all Defendants)

23       19.   Bagdasarian restates each and every allegation contained in paragraph 1

24  through 18 above, as though fully stated herein.

25       20.   Since 1958, Bagdasarian and its predecessors have expended time,

26  money and resources in developing the distinctive Alvin and the Chipmunks

27  trademarks and service marks.  Since at least 1959, Bagdasarian has marketed its

28  Alvin and the Chipmunks trademarks and service mark through numerous Alvin and

8

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

1  the Chipmunks entertainment products, services and merchandise in interstate

2  commerce, including, but not limited to, California.

3      21.    Bagdasarian has registered its valuable Alvin and the Chipmunks marks

4  on the dates set forth in Exhibit A.  Bagdasarian owns sole and exclusive rights to

5  distribute, reproduce, and to publicly display the Alvin and the Chipmunks marks for

6  products and service.

7      22.    The distribution, reproduction, counterfeiting, and public display of the

8  Alvin and the Chipmunks marks by Big Eye, Cleopatra and Orchard in connection

9  with the creation and marketing of the Big Eye Album has misled consumers and the

10  general public, including those in California, to believe that the Big Eye Album is

11  authorized, endorsed by, sponsored by, affiliated with, or otherwise connected to

12  plaintiff.  This false association, intentionally created by defendants, is likely to cause

13  confusion, mistake and deception with the general public, including California

14  residents.

15      23.    The aforesaid acts of Big Eye, Cleopatra and Orchard and defendants

16  constitute infringement of Bagdasarian's registered Alvin and the Chipmunks

17  trademarks in violation of Section 32(1) of the Trademark Act of 1946, as amended,

18  15 U.S.C. §1114(1).

19      24.    By reason of Big Eye's, Cleopatra's, Orchard's and defendants' acts as

20  alleged, Bagdasarian has suffered and will suffer damage to its business, reputation

21  and good will, and the loss of sales and profits that Bagdasarian would have made, but

22  for defendants' unethical and illegal acts.

23      25.    Unless restrained and enjoined by this Court, Big Eye, Cleopatra,

24  Orchard and defendants threaten to and will continue to do the acts complained of, all

25  to Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of

26  compensation that would afford Bagdasarian adequate relief for such continuing acts,

27  and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's

28  remedies at law are not adequate to compensate it for the threatened injuries.

9

**FIRST AMENDED COMPLAINT**

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

26.     Bagdasarian is entitled to injunctive relief, both preliminary and permanent, restraining Big Eye, Cleopatra, Orchard and their agents, servants, employees and all persons acting under, in concert with, or on behalf of, Big Eye, Cleopatra or Orchard from using Bagdasarian's Alvin and the Chipmunks trademarks in any channel of commerce and in any geographical territory in the world.

27.     As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's conduct and actions, and each of them, Bagdasarian has also suffered damages in an amount to be proven in trial, plus interest at the legal rate thereon, but no less than $1 million.

28.     As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is informed and believes, and alleges thereon, that Big Eye, Cleopatra and Orchard have been unjustly enriched in the sum of no less than $1 million.

29.     As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is entitled to restitution and a complete disgorgement of any and all amounts of money, revenue, or income Big Eye, Cleopatra and Orchard have received as a result of their wrongful conduct as noted above, and the allegations as alleged herein.

30.     Pursuant to 15 U.S.C. §1117(b), the Court shall, unless the Court finds extenuating circumstances, enter judgment for three times' defendants' profits or Bagdasarian's damages, whichever is greater, together with a reasonable attorney's fee.

## VI.   SECOND CLAIM

### False Designation of Origin and False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)

(by Plaintiff against all Defendants)

31.     Plaintiff restates each and every allegation contained in paragraphs 1-30

10

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

1  above, as if fully stated herein.

2      32.   Plaintiff and its predecessors have, during the past 50 years, spent

3  substantial time, money and resources in developing distinctive common law

4  trademarks in and to the term Alvin and the Chipmunks, for use in connection with

5  entertainment products and merchandise.  In addition, plaintiff is the owner of the

6  registered Alvin and the Chipmunks trademarks, as set forth above.

7      33.   Defendants, on and in connection with goods or services, and in the

8  advertising for the Big Eye Album, have used in commerce words, terms, names,

9  symbols and devices, false advertising and false designations of origin which are

10 likely to cause confusion, to cause mistake, or to deceive members of the public as to

11 the affiliation, connection, or association of defendants with Bagdasarian, and to cause

12 confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of

13 Big Eye's, Cleopatra's and Orchard's goods, services, and commercial activities by

14 members of the general public.

15     34.   The confusion, mistake or deception referred to herein arises out of the

16 aforesaid acts of defendants, and constitutes false designation of origin and unfair

17 competition in violation of Section 43(a) of the Trademark Act of 1946, as amended,

18 15 U.S.C. §1125(a).

19     35.   The aforesaid acts were undertaken willfully and with the intention of

20 causing confusion, mistake or deception.

21     36.   By reason of defendants' acts as alleged, Bagdasarian has and will suffer

22 damage to its business reputation and good will, and the loss of sales and profits that

23 Bagdasarian would have made but for Big Eye's, Cleopatra's and Orchard's acts.

24     37.   Unless restrained and enjoined by this Court, Big Eye, Cleopatra and

25 Orchard threaten to and will continue to do the acts complained of, all to

26 Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of

27 compensation that would afford Bagdasarian adequate relief for such continuing acts,

28 and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

**FIRST AMENDED COMPLAINT**

1  remedy of law is not adequate to compensate it for the threatened injuries.

2      38.    Bagdasarian is entitled to injunctive relief, both preliminary and

3  permanent, restraining Big Eye, Cleopatra and Orchard and their agents, servants,

4  employees and all persons acting under, in concert with, or on behalf of, Big Eye,

5  Cleopatra or Orchard from using Bagdasarian's Alvin and the Chipmunks service

6  mark and trademarks in any channel of commerce and in any geographical territory in

7  the world.

8      39.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's

9  conduct and actions, and each of them, Bagdasarian has also suffered damages in an

10  amount to be proven in trial, plus interest at the legal rate thereon, but no less than $1

11  million.

12      40.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's

13  wrongful conduct and actions, and each of them, Bagdasarian is informed and

14  believes, and alleges thereon, that Big Eye, Cleopatra and Orchard have been unjustly

15  enriched in the sum of no less than $1 million.

16      41.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's

17  wrongful conduct and actions, and each of them, Bagdasarian is entitled to restitution

18  and a complete disgorgement of any and all amounts of money, revenue, or income

19  Big Eye, Cleopatra and Orchard have received as a result of their wrongful conduct as

20  noted above, and the allegations alleged herein.

21      42.    Bagdasarian is informed and believes, and thereon alleges, that Big

22  Eye's, Cleopatra's and Orchard's use of the Alvin and the Chipmunks common law

23  and registered trademarks and service mark in commerce, including, but limited to,

24  California, without a license or the consent of Bagdasarian, has been undertaken

25  willfully and with the intention of causing confusion, mistake or deception.

26  Bagdasarian has and will suffer damage to its business reputation and good will in the

27  loss of sales and profits that Bagdasarian would have made, but for Big Eye's,

28  Cleopatra's and Orchard's acts, in an amount which Bagdasarian is informed and

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

**FIRST AMENDED COMPLAINT**

1  believes, and thereon alleges, exceeds $1 million.

2

3                              VII.   THIRD CLAIM

4                 Dilution Under Section 43(c) of the Lanham Act

5                      (by Plaintiff against all Defendants)

6         43.   Plaintiff restates each and every allegation contained in paragraphs 1-42

7   above as if fully stated herein.

8         44.   For the past 50 years, plaintiff and its predecessors have developed the

9   Alvin and the Chipmunks service mark and trademarks.  They have created and

10  distributed Alvin and The Chipmunks musical recordings, television programs,

11  motion pictures, entertainment services, and associated merchandise.

12        45.   As a result of the activities of plaintiff and its predecessors, the mark

13  Alvin and the Chipmunks has become famous in that it is widely recognized by the

14  general consuming public of the United States as a designation of source of the goods

15  and services of plaintiff.

16        46.   The mark Alvin and the Chipmunks is distinctive, both inherently and

17  through acquired distinctiveness.

18        47.   By their actions, Big Eye, Cleopatra and Orchard have used plaintiff's

19  famous Alvin and the Chipmunks mark in commerce in a way that is likely to cause

20  dilution by blurring and/or dilution by tarnishment of the famous mark.

21        48.   Big Eye's, Cleopatra's and Orchard's dilution of plaintiff's Alvin and the

22  Chipmunks trademarks was undertaken willfully and with the intention of causing

23  dilution, confusion, mistake, and deception.

24        49.   By reason of Big Eye's, Cleopatra's and Orchard's acts as alleged,

25  Bagdasarian has and will suffer business to its business reputation and good will in the

26  loss of sales and profits that Bagdasarian would have made but for Big Eye's,

27  Cleopatra's and Orchard's actions.

28        50.   Unless restrained and enjoined by this Court, Big Eye, Cleopatra and

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

**FIRST AMENDED COMPLAINT**

Orchard threaten to and will continue to do the acts complained of, all to Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of compensation that would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's remedy at law is not adequate to compensate it for the threatened injuries.

51.    Bagdasarian is entitled to injunctive relief restraining Big Eye, Cleopatra and Orchard, and their agents, servants, employees, and all persons acting under, in concert with, or for Big Eye, Cleopatra or Orchard, from using Bagdasarian's Alvin and the Chipmunks trademark in any channel of commerce and in any geographical territory in the world.

52.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's conduct and actions, and each of them, Bagdasarian has also suffered damages in an amount to be proven at trial, plus interest at the legal rate thereon, but no less than $1 million.

53.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is informed and believes, and alleges thereon, that Big Eye, Cleopatra and Orchard have been unjustly enriched in the sum of no less than $1 million.

54.    As a direct and proximate result of the wrongful conduct of Big Eye, Cleopatra and Orchard, Bagdasarian is entitled to restitution and a complete disgorgement of any and all amounts of money, revenue or income Big Eye, Cleopatra and Orchard received as a result of their wrongful conduct as noted above, and the allegations as alleged herein.

## VIII.  FOURTH CLAIM

### Common Law Trademark Infringement

#### (by Plaintiff against all Defendants)

55.    Plaintiff restates each and every allegation contained in paragraphs 1-54

14

1 │ above as if fully stated herein.

2 │     56.    As alleged above, Big Eye's, Cleopatra's and Orchard's imitation and

3 │ infringement of the trademark rights of Bagdasarian and the Alvin and the Chipmunks

4 │ trademark is calculated to, and does in fact, deceive and mislead consumers of

5 │ Bagdasarian's and of Big Eye's, Cleopatra's and Orchard's products to utilizing or

6 │ purchasing products advertised or sold by Big Eye, Cleopatra and Orchard in the

7 │ belief that they originate with Bagdasarian to the significant diminution of

8 │ Bagdasarian's business and profits.

9 │     57.    Unless restrained and enjoined by this Court, Big Eye, Cleopatra and

10 │ Orchard threaten to and will continue to do the acts complained of, all to

11 │ Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of

12 │ compensation that would afford Bagdasarian adequate relief for such continuing acts,

13 │ and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's

14 │ remedies at law are not adequate to compensate it for the threatened injuries.

15 │     58.    Bagdasarian is entitled to injunctive relief, both preliminary and

16 │ permanent, restraining Big Eye, Cleopatra and Orchard and their agents, servants,

17 │ employees and all persons acting under, in concert with, or on behalf of, Big Eye,

18 │ Cleopatra or Orchard from using Bagdasarian's Alvin and the Chipmunks service

19 │ mark and trademarks in any channel of commerce and in any geographical territory in

20 │ the world.

21 │     59.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's

22 │ conduct and actions, and each of them, Bagdasarian has also suffered damages in an

23 │ amount to be proven in trial, plus interest at the legal rate thereon, but no less than $1

24 │ million.

25 │     60.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's

26 │ wrongful conduct and actions, and each of them, Bagdasarian is informed and

27 │ believes, and alleges thereon, that Big Eye, Cleopatra and Orchard have been unjustly

28 │ enriched in the sum of no less than $1 million.

15

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

61.    As a direct and proximate result of Big Eye's, Cleopatra's and Orchard's wrongful conduct and actions, and each of them, Bagdasarian is entitled to restitution and a complete disgorgement of any and all amounts of money, revenue, or income Big Eye, Cleopatra and Orchard have received as a result of their wrongful conduct as alleged herein.

## IX.    FIFTH CLAIM

Unfair Competition Under California Business & Professions Code §17200, *et seq.,* and 17500, *et seq.*

(by Plaintiff against all Defendants)

62.    Plaintiff restates each and every allegation contained in paragraphs 1-61 above as if fully stated herein.

63.    The foregoing conduct by Big Eye, Cleopatra and Orchard constitutes a violation of California Business & Professions Code §17200, *et seq.*, and 17500, *et seq.*, in that it constitutes false advertising, and illegal, fraudulent and unfair business practices which are, *inter alia*, likely to deceive a reasonable consumer.

64.    Big Eye's, Cleopatra's and Orchard's aforesaid acts constitute representations and/or statements that are deceptive, untrue, and misleading, and which were undertaken willfully and with the intention of causing confusion, mistake or deception.

65.    Unless restrained and enjoined by this Court, Big Eye, Cleopatra and Orchard threaten to and will continue to do the acts complained of, all to Bagdasarian's irreparable damage.  It would be difficult to ascertain the amount of compensation that would afford Bagdasarian adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Thus, Bagdasarian's remedy at law is not adequate to compensate it for injuries threatened.

66.    Bagdasarian is entitled to injunctive relief restraining Big Eye, Cleopatra and Orchard, and their agents, servants, employees and all persons acting under, in

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

**FIRST AMENDED COMPLAINT**

concert with, or for Big Eye, Cleopatra or Orchard, from using Bagdasarian's Alvin and the Chipmunks service mark and trademarks in any channel of commerce and in any geographical territory in the world.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Bagdasarian, a California limited liability company, respectfully demands judgment in its favor, and as and against all defendants, and each of them, as follows:

1.    On counts 1 through 4, for general damages and compensation believed to be in excess of $1 million in accordance with the proof at the time of trial;

2.    On counts 1 through 4, for special damages according to proof, but no less than $1 million;

3.    On counts 1 through 4, for an order of equitable disgorgement of all unjust enrichment received by defendants as a result of the wrongful acts and practices described hereinabove in an amount in accordance with proof at the time of trial, but believed to be in excess of $1 million;

4.    On count 1, for defendants to be required to pay statutory damages in an amount to be determined for their use of a counterfeit of plaintiff's registered trademark under 15 U.S.C. §1117(c);

5.    On counts 1 and 3, for treble damages in accordance with the Lanham Act §1117(b);

6.    On count 4, for punitive and exemplary damages under California law in an amount sufficient to deter and make an example of defendants in accordance with the proof at the time of trial;

7.    On all counts, for prejudgment interest;

8.    On counts 1-5, for preliminary and permanent injunctive relief enjoining and requiring defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by,

17

through or under them to:

(a)     cease and desist from all use of plaintiff's service mark and trademarks;

(b)     delete from their computer files, menus, hard drives, servers, diskettes, backups and websites any copies, simulations, variations or colorable imitations thereof, and any use of the Alvin and the Chipmunks trademark;

(c)     to be required to deliver up to plaintiff to be held for destruction at the conclusion of this action any and all computer software, compact discs, inventory, packaging, labels, sales material, press releases, promotional material, advertising material, stationery, plates, products, goods, and other materials bearing the Alvin and the Chipmunks trademark or artwork;

9.     On counts 1-5, for attorneys' fees and costs of suit incurred in this action as provided by 15 U.S.C. §1117(a), or as otherwise provided by law; and

10.     For such other and further relief as the Court deems proper.

DATED:  July 8, 2009                    LEOPOLD, PETRICH & SMITH
                                        A Professional Corporation


                                        By: _Vincent Cox_____
                                        VINCENT COX
                                        ELIZABETH L. SCHILKEN
                                        Attorneys for Plaintiff
                                        BAGDASARIAN PRODUCTIONS, LLC

**FIRST AMENDED COMPLAINT**

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

15723

DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all claims asserted.

DATED:  July 8, 2009

LEOPOLD, PETRICH & SMITH
A Professional Corporation

By: _____
VINCENT COX
ELIZABETH L. SCHILKEN
Attorneys for Plaintiff
BAGDASARIAN PRODUCTIONS, LLC