UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BIG EYE RECORDS, aka BIG EYE MUSIC, ORCHARD ENTERPRISES NY, INC., a New York corporation, CLEOPATRA RECORDS, INC., a California corporation previously named as DOE 1, and DOES 2-10, inclusive,<br><br>Defendants. | CASE NO.: CV 09-4545 PA (RZx)<br><br>JUDGMENT FOR STIPULATED PERMANENT INJUNCTION<br><br>F.R.Civ.P 58(a) |

Upon the stipulation of the parties, and pursuant to a Settlement Agreement of the parties,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows, and the Court makes the following Findings of Fact and Conclusions of Law:

1. The Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 1338(a) and (b).

1

2.  Defendant Cleopatra Records, Inc., a California corporation, has produced, and Defendant Orchard Enterprises NY, Inc., a New York corporation has distributed, a collection of recordings entitled "Renditions of Alvin And The Chipmunks by Calvin and the Chipmunk Rockstars" which has been marketed with art work in the form attached hereto as Exhibit A (the "Calvin album"), including the following musical works and sound recordings:

- Witch Doctor
- Bad Day
- Funkytown
- How We Roll
- The Chipmunk Song (Christmas Don't Be Late)(Dee Town Rock Mix)
- Get You Goin'
- Ain't No Party
- Follow Me Now
- Coast 2 Coast
- Mess Around
- Bad Day (Instrumental Guitar Version)
- Follow Me Now (Instrumental Guitar Version)

3. Defendants marketed in interstate commerce the Calvin album, it has been advertised and promoted through the Internet, and sold at internet addresses such as Amazon.com.

4. Bagdasarian brought this action, contending that the production, distribution, marketing, and other exploitation of the Calvin album, and the production, distribution, marketing, or other exploitation of any products under the name Calvin and the Chipmunks and violated the common law and federally registered marks for "Alvin and the Chipmunks," including, but not limited to those federally registered marks attached hereto as Exhibit B, and constitutes federal trademark infringement, false designation of origin and false advertising under §43(a) of the Lanham Act, dilution under §43(c) of the Lanham Act, common law trademark infringement, and unfair competition under California Business & Professions Code §17200, et seq.

5. Defendants have consented to entry of this permanent injunction pursuant to which Defendants, their officers, agents, servants, employees, stockholders, and all persons in active concert or participation with them, SHALL BE ENJOINED, from and after the date of entry, from the production, distribution, marketing or other exploitation of the Calvin album, and from the production, distribution, marketing or other exploitation of any products which contain any of the Alvin and the Chipmunks marks, including, but not limited to those federally registered marks attached hereto as Exhibit B.

6. This Permanent Injunction may be enforced on 10 (ten) days written notice to counsel of record, subject to the Court's availability to hear the matter, and may be heard before the Honorable Percy Anderson, the Honorable Magistrate Judge Ralph Zarefsky, or any other judicial officer

of the United States District Court with jurisdiction to enforce this Permanent Injunction. As a precondition to enforcement, Plaintiff shall give 30 days' written notice and an opportunity to cure to the Defendant against whom the enforcement proceeding is to be brought. Such notice shall comply with the terms of the notice and cure provisions of the settlement agreement between Plaintiff and Defendants.

7. Plaintiff and Defendants have consented to entry of the foregoing Permanent Injunction and waive any right of appeal. This order shall constitute a final judgment in the action. Each party shall bear its own costs of suit and attorney fees. All claims and parties not governed by this stipulated permanent injunction shall be dismissed with prejudice, and each party to bear its own costs of suit and attorneys' fees. The clerk shall enter this judgment on the civil docket pursuant to F.R.Civ.P. 79(a).

DATED: 12/23/09

UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM BY:

DATED: December 7, 2009

VINCENT COX
LEOPOLD, PETRICH & SMITH, P.C.
Attorneys for Plaintiff Bagdasarian Productions, LLC

4